UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL STERLING,**

      **Plaintiff,**              **CIVIL ACTION NO. 08-CV-12398-DT**

 **VS.**                       **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**THOMAS MORGAN,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
      **Defendants.**

                     /

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**:    This action should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief may be granted.

**II.**    **REPORT**:

This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). All pretrial matters have been referred to the undersigned for action. (Docket no. 4). Plaintiff is proceeding *pro se* and *in forma pauperis*. (Docket no. 3).

Plaintiff, a former Michigan state prisoner, filed a "Notice of Intent to File a Civil Action" which this Court filed as his Complaint in this civil action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1). Plaintiff's Complaint names three Defendants, two physicians and a nurse. Plaintiff alleges that he was transferred from his prison to Carson City General Hospital for a colon examination. The nurse, Defendant Jane Doe, administered a medication and presented a medical waiver form for Plaintiff to sign. (*Id*.). Plaintiff alleges that during the examination Defendant Morgan perforated his colon causing Plaintiff to bleed regularly from his stomach. Defendant

O'Connor was Plaintiff's attending physician prior to his discharge from the hospital.  He allegedly discharged Plaintiff while his stomach was still bleeding causing Plaintiff to contract a disease.  Plaintiff seeks as relief damages and "to see that Plaintiff's medical bills are [sic] in its entirety for the rest of Plaintiff's life."  (Docket no. 1 at 3).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution or by federal law, and that a person acting under color of state law subjected him to the deprivation.  *Alford v. City of Detroit*, 2009 WL 2392772 (E.D. Mich. Aug. 3, 2009).  Plaintiff's Complaint fails to allege that any Defendant was acting under color of state law at the time of the alleged deprivations.  The Defendants are apparently two physicians and a nurse employed by or associated with Carson City General Hospital.  Moreover, there is no allegation sufficient to state a claim of deliberate indifference to a serious medical need of Plaintiff.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).  Plaintiff's Complaint fails to state a claim for relief for both of these reasons.

Section 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."  This action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III.**     **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

3

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: August 11, 2009                     s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Michael Sterling and Counsel of Record on this date.

Dated: August 11, 2009                     s/ Lisa C. Bartlett
                                           Courtroom Deputy